1

2

3

4

5        UNITED STATES DISTRICT COURT

6        EASTERN DISTRICT OF WASHINGTON

7  THEODORE FRANCIS STEWART,

8                          Petitioner,        NO:  CV-12-028-RMP

9        v.                                   ORDER DISMISSING ACTION AS
                                              TIME-BARRED
10 STEVE SINCLAIR

11                         Respondent.

12

13        BEFORE THE COURT is Petitioner's First Amended Petition, ECF No. 13.

14 Petitioner, a prisoner at the Washington State Penitentiary, is proceeding *pro se*;

15 Respondent has not been served.   The Court has also reviewed Petitioner's

16 documents submitted on May 17, 2012, and received on May 21, 2012, ECF Nos.

17 15-17.  The Court finds these submissions repetitive of the assertions in his First

18 Amended Petition.

19        Petitioner is challenging his Spokane County jury conviction for First

20 Degree Murder, for which he was sentenced to 384 months incarceration on May

ORDER DISMISSING ACTION AS TIME-BARRED -- 1

19, 2006.  As grounds for federal habeas relief he asserts the following:  (1) denial of  due process when, nearly one year after Petitioner had invoked his right to counsel, an in-custody interrogation was re-initiated outside the presence of counsel, statements obtained during that interrogation were used against Petitioner at trial, and trial counsel failed to move to protect Petitioner's rights under applicable law; (2) ineffective assistance of counsel at CrR 3.5 hearing and subsequent trial because, although counsel was aware Petitioner was not represented by counsel during the interrogation on June 24, 2004, he allowed uncounseled statements into evidence, thereby failing to protect Petitioner's rights against self-incrimination and police coercion, and then "moved to redact best evidence No. 136"; and (3) ineffective assistance of appellate counsel for failing to raise the issue of Petitioner's coerced and uncounseled confession obtained during the re-instated custodial interrogation on June 24, 2004.

       After review of the First Amended Petition, the Court finds Mr. Stewart's claims are time-barred under 28 U.S.C. § 2244(d).  Petitioner indicates his conviction was affirmed on direct appeal.  State court records show the Washington State Supreme Court denied review of Petitioner's direct appeal on October 1, 2008.  *State v. Stewart*, 164 Wash.2d 1022, 195 P.3d 957 (Table). Petitioner states he did not seek *certiorari* in the United States Supreme Court.

ORDER DISMISSING ACTION AS TIME-BARRED -- 2

Therefore, for federal habeas purposes, his conviction became final 90 days later, on December 30, 2008. *Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007).

Petitioner asserts that he did not file his first motion for state collateral review, a Rule 7.8(b)(3) Motion in the Spokane County Superior Court, until September 1, 2009. By that date, 244 days of the federal limitations period for filing a habeas corpus petition had expired. Petitioner states he filed a motion for discretionary review with the Washington State Supreme Court on October 1, 2009, which was denied on October 23, 2009. Assuming his motion was properly filed in state court on September 1, 2009, and "pending" until October 23, 2009, Petitioner had only 121 days from October 23, 2009, or until March 1, 2010, to file a timely federal habeas corpus. He did not do so.

Petitioner avers that he sought an "arrest of judgment/new trial" with the Washington State Supreme Court on July 11, 2010, but it was "refused" on an unspecified date. Regardless of any state court submission on July 11, 2010, the federal limitations period had already expired 132 days prior to that date. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Petitioner asserts he did not present his grounds for federal habeas relief on direct appeal due to the ineffectiveness of appellate counsel. He claims, however,

ORDER DISMISSING ACTION AS TIME-BARRED -- 3

1    that he "exhausted" each ground in a Personal Restraint Petition he "brought [] to

2    the Supreme Court two times."  Petitioner indicates a Personal Restraint Petition

3    was dismissed on September 30, 2011.  He has attached a copy of that dismissal,

4    cause number 85957-4, which shows it was dismissed as untimely under

5    Washington's limitations period, RCW 10.73.090(1). ECF No. 13, pg. 17.  It is

6    unclear what Petitioner is referencing when he states, "I appealed by right-second

7    look doctrine."   In any event, the Washington State Supreme Court denied

8    Petitioner's Motion to Modify the Commissioner's Ruling on January 4, 2012, ECF

9    No. 13, pg. 22.

10          When a state court concludes that a petition seeking collateral review is

11   untimely, it is not properly filed for purposes of § 2244(d)(2). *See Pace v.*

12   *DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)

13   ("Because the state court rejected petitioner's [state] petition as untimely, it was not

14   'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").

15   Therefore, the Personal Restraint Petition in cause number 85957-4, was not

16   properly filed, and could not toll the federal limitations period in this case. Even if

17   the Personal Restraint Petition had been deemed timely under state law, it still

18   could not have re-instated the federal limitations period which had already expired

19   on March 1, 2010.  Petitioner has failed to demonstrate a statutory basis to toll the

20   limitations period.

ORDER DISMISSING ACTION AS TIME-BARRED -- 4

1       In response to the inquiry why his petition should not be barred by 28 U.S.C.

2   § 2244(d), Petitioner asserts that his conviction violated his Fifth, Sixth and

3   Fourteenth Amendment rights against self-incrimination, to have an attorney

4   present during police questioning, and to the effective assistance of counsel at trial

5   and on appeal.   These assertions present no basis to equitably toll the running of

6   the limitations period and, thus, excuse his late-filed habeas petition, initially

7   submitted to this Court on December 28, 2011.

8       "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has

9   been pursuing his rights diligently, and (2) that some extraordinary circumstance

10  stood in his way and prevented timely filing." *Holland v. Florida*, —— U.S. ——, –

11  ——, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (internal quotation marks

12  omitted).   A petitioner must show that some "external force" caused his

13  untimeliness, rather than mere "oversight, miscalculation or negligence."

14  *Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal

15  quotation marks omitted).  In other words, Petitioner must have been delayed by

16  circumstances "beyond[his] direct control," and not by his or his counsel's "own

17  mistake." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008).  Although granted

18  the opportunity to do so, Petitioner has failed to demonstrate the diligent pursuit of

19  his rights or extraordinary circumstances which would warrant equitable tolling of

20

ORDER DISMISSING ACTION AS TIME-BARRED -- 5

the federal limitations period.   Accordingly, **IT IS ORDERED** this action is **DISMISSED with prejudice** as untimely under 28 U.S.C. § 2244(d).   Any pending motions are **DENIED as moot.**

     **IT IS SO ORDERED**.  The District Court Executive shall enter this Order, enter judgment in favor of Respondent, forward copies to Petitioner at this last known address and close the file. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

     **DATED** this 22nd day of May 2012.


                     *s/ Rosanna Malouf Peterson*
                  ROSANNA MALOUF PETERSON
                  Chief United States District Court Judge

ORDER DISMISSING ACTION AS TIME-BARRED -- 6