UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THEODORE FRANCIS STEWART,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>STEVE SINCLAIR<br><br>　　　　　　Respondent. | NO: CV-12-028-RMP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Petitioner's document titled, "Equitable Tolling Relief," filed on June 18, 2012, which the Court liberally construes as a Motion for Reconsideration[1], ECF No. 22. By Order filed May 22, 2012, the Court had dismissed Mr. Stewart's habeas petition as time-barred under 28 U.S.C. § 2244(d), and determined there was no basis upon which to issue a certificate of

---

[1] By Order filed August 27, 2012, the Ninth Circuit Court of Appeals construed this submission as a timely Fed. R. App. P. 4(a)(4) motion.

ORDER DENYING MOTION FOR RECONSIDERATION -- 1

appealability. ECF No. 18.  Although granted the opportunity to do so, Petitioner had failed to demonstrate an equitable basis to toll the running of the limitations period. *Holland v. Florida*, ⎯⎯ U.S. ⎯⎯, ⎯⎯, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010).

On May 30, 2012, Petitioner filed with the Ninth Circuit Court of Appeals, an application for authorization to file a second or successive habeas petition in the District Court.  By Order filed July 13, 2012, the Ninth Circuit Court of Appeals denied the application, but construed it as a Notice of Appeal, to be transmitted to the District Court and filed as a Notice of Appeal, effective May 30, 2012.  *See* ECF Nos. 23 and 24.  It appears the Ninth Circuit has suspended the briefing schedule pending a determination whether a certificate of appealability should issue. ECF No. 27.

In the interim, Petitioner filed his document titled, "Equitable Tolling Relief."  ECF No. 22.  He now asserts that his mental incompetence made it impossible for him to timely file a habeas petition during the relevant statutory time period.   Petitioner claims to suffer from short-term memory loss; has difficulty focusing for longer than ten minutes; and suffers from headaches.

Based on the information provided in the First Amended Petition, ECF No. 13, and analyzed in the Order Dismissing Action as Time-Barred, ECF No. 18, the "relevant statutory time periods" in this case were the 244 days between December

ORDER DENYING MOTION FOR RECONSIDERATION -- 2

30, 2008, when Petitioner's direct appeal became final, and September 1, 2009, when he filed a Motion in the Spokane County Superior Court, and then the 121 days after October 23, 2009, when that Motion was denied, expiring the federal limitations period on March 1, 2010.  None of Petitioner's submissions received on June 18, 2012, account for his mental state during these relevant time frames.

A motion under Fed.R.Civ.P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*) (*quoting Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also* Fed.R.Civ.P. 60(b).  Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling. *Fay Corp. v. Bat Holdings I, Inc.,* 651 F.Supp. 307, 309 (W.D. Wash. 1987).

In the instant case, Petitioner has not alleged that there has been an intervening change of controlling law.  Likewise, he has not offered newly discovered evidence that would justify this Court re-examining the issue.  Thus, the only remaining question is whether the Court should alter its prior ruling in order to "correct a clear error or prevent manifest injustice." *Pyramid Lake*, 882 F.2d at 369 n.5.

ORDER DENYING MOTION FOR RECONSIDERATION -- 3

Even if Mr. Stewart's submissions of June 18, 2012, were properly before the Court, he has still failed to show circumstances beyond his control which made it impossible for him to file a federal habeas petition during the relevant time periods between December 30, 2008, and September 1, 2009, and then again between October 23, 2009, and March 1, 2010.  Petitioner failed to demonstrate in his First Amended Petition or in his subsequent submissions that he is entitled to equitable tolling of the federal limitations period.  Accordingly, **IT IS ORDERED** that Petitioner's Motion for Reconsideration, ECF No. 22, is **DENIED**.

**IT SO ORDERED.**  The District Court Executive is directed to enter this Order and forward copies to Petitioner.  The District Court Executive shall also furnish a copy to the Ninth Circuit Court of Appeals.  This file shall remain closed.

**DATED** this 28th day of August 2012.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER DENYING MOTION FOR RECONSIDERATION -- 4